UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor, | |
| Plaintiff, | C/A No: 2:24-cv-6310-MGB-JD |
| Vs. | |
| David Wishnia and John Does 1-10 | |
| Defendants. | |

## PLAINTIFF JAY CONNOR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT DAVID WISHNIA

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff Jay Connor ("Plaintiff" or "Connor") hereby submits this Memorandum of Law in support of his Motion for an entry of Default Judgment against Defendant David Wishnia ("Defendant" or "Wishnia").

I.      **RELEVANT FACTS AND PROCEDURAL HISTORY**

Connor is a resident of Charleston, SC. [Dkt. 1 at ¶ 2.] Defendant is an individual residing in Tallahassee, FL and sells solar panels by telemarketing. Upon information and belief, his principal office is located at 4500 Salisbury Road, Suite 307 Jacksonville, FL 32216. [*Id.* at ¶ 5.] Connor is the sole subscriber and customary user of a cellular telephone number (843) XXX-XXXX. [Dkt. 1 at ¶ 24.] Connor uses it for residential purposes. [*Id.* at ¶ 25.] Connor placed the number (843) XXX-XXXX on the National Do-Not-Call Registry in 2021. [*Id.* at ¶ 26.] On October 14, 2024, Connor received two unsolicited telephone solicitations by text message from

1

Defendants (the "Calls" or "Messages")[1]. [*Id.* at ¶ 29-31.] The purpose of the text messages was to encourage Connor to purchase residential solar panels for his home from the Defendants. [*Id.* at ¶ 30-31.] Defendant Wishnia, confirmed his involvement and direct participation with the solicitations by calling and discussing the text messages with Plaintiff, sending him a confirmation email and attempting to set a solar sales appointment with Plaintiff. [*Id.* at ¶¶ 40,41.]

On November 1, 2024, Connor filed this action against Defendant. [*See* Dkt. 1.] On January 10, 2025, Defendant was served via personal service at 2715 N Monroe Street Tallahassee, FL 32312 in Leon County by the Leon County Sheriff's Department. [*See* Dkt. 12.] On February 7, 2025, Plaintiff filed a Motion for Clerk's Default. [*See* Dkt. 13.] On February 11, 2025, the Clerk entered default against Defendant. [*See* Dkt. 14-15.] Plaintiff now seeks a default judgment on his TCPA claims because Defendant Wishnia violated 47 U.S.C. § 227(c) 2 times, and Plaintiff is entitled to $1,000 (i.e., $500 x 2). Plaintiff respectfully requests that the violations be trebled to $3,000 (i.e., $1,500 x 2) because the Calls were willful and knowing. The Wishnia Calls were made to a number on the DNC Registry, intentionally provided inaccurate identification information, and were accordingly willful and knowing. Plaintiff seeks judgment in his favor in the amount of $3,000 for damages related to 47 U.S.C. § 227. Plaintiff also seeks default judgment on his South Carolina state claims for damages provided under S.C. Code § 37-21-80. The Calls violated S.C. Code § 37-21-40(A) and 70(B). Under S.C. Code § 37-21-80 (A), Plaintiff is entitled to $4,000 (i.e., $1000 x 4). Plaintiff respectfully requests that the violations be increased five times pursuant to 37-21-80(B) to $20,000 (i.e., $5,000 x 4) because the

---

[1] Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 153 (2016).

2

solicitations were wilful, sent intentionally to a number on the DNC Registry and included false identification information, violating four separate sections of S.C. Code.

In addition, the Plaintiff paid the $405 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Furthermore, the Plaintiff expended $165 in effectuating service of process.

## II.  ARGUMENT

### A. The Court Has Jurisdiction and Service of Process Was Proper

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and personal jurisdiction over the Defendants. Further, Wishnia was duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

#### i.     Subject Matter Jurisdiction

This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs. LLC*, 565 U.S. 368, 372 (2012). As they arise from the same nucleus of operative fact, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law telemarketing claims.

**Personal Jurisdiction**

This Court has specific personal jurisdiction because Wishnia "purposefully directed his activities at residents of the forum and the litigation from alleged injuries that arise out of related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). More specifically, this Court has specific jurisdiction over Defendants because the solicitations targeted Connor's South Carolina based number for the purpose of selling solar panels to him and installing them in Charleston. Further more, Connor received the solicitations in Charleston, SC.

3

ii.  **Service of Process**

Under the Federal Rules of Civil Procedure, Defendant David Wishnia was properly served and therefore had the opportunity to respond but did not. Under Fed. R. Civ. P. 4(d), the Plaintiff effectuated service through the Leon County Sheriff's Department via personal service.

B.  **Standard for Default Judgment**

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a default has been entered by the clerk, the court may, upon the plaintiff's application and notice to the defaulting party, enter a default judgment. Fed. R. Civ. P. 55(b)(2). A defendant's default does not, however, automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint relating to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). If liability is established, the court must then determine the appropriate amount of damages. *See id.* at 780-81. While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins v. Teseo,* 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

B.  **Plaintiff is entitled to default judgment against Defendant for his claims under 47 U.S.C. § 227(c)**

**Count One:**

Plaintiff's Complaint alleges that Defendant violated the TCPA, specifically 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c), and 47 C.F.R. § 64.1200(d).[2] Under the TCPA, the Federal Communications Commission ("FCC") is directed to engage in rulemaking about "the need to protect residential telephone subscribers' private rights to avoid receiving telephone solicitations to which they object" and to "prescribe regulations to implement methods and procedures for protecting [those] privacy rights." 47 U.S.C. § 227(c)(1), (2). "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" prescribed by the FCC has a private right of action for damages and injunctive relief. 47 U.S.C. § 227(c)(5).

The first of the regulations at issue in the Complaint prohibits "any telephone solicitation[3] to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). The second regulation referenced in the Complaint prohibits, in relevant part, "any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls." 47 C.F.R. § 64.1200(d)(1-4). The regulation further provides minimum standards:

> (1) **Written policy.** Persons or entities making artificial or prerecorded-voice telephone calls pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

---

[2] 47 USC § 227 (c) (5) provides for maximum damages of $500 to $1500 *per call*. S.C. Code § 37-21-80 provides damages of $1000 to $5,000 *for each violation* within a call.

[3] A telephone solicitation under the TCPA is defined as the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 U.S.C. § 227(a)(4).

5

(2) **Training of personnel.** Personnel engaged in . . . any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) **Recording, disclosure of do-not-call requests.** If a person or entity making . . . any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed 30 days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. . . . .

(4) **Identification of callers and telemarketers.** A person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

47 C.F.R. 64.1200(d)(1-4).

Connor's unchallenged factual allegations, taken as true, are sufficient to establish liability under the above referenced regulations in 47 C.F.R. § 64.1200 (c) and 47 C.F.R. § 64.1200 (d). To establish a TCPA violation based on 47 C.F.R. § 64.1200(c)(2), a plaintiff must show: (1) more than one telephone call within any 12-month period; (2) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services; (3) by or on behalf of the same entity; (4) to a residential telephone subscriber whose telephone number had

6

been placed on the National Do-Not-Call Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(4).

Connor, in his Complaint, asserts that he is the sole subscriber to the telephone number, uses it for personal, residential use, and that he registered his cellular telephone number on the Do Not Call Registry in 2021. The prohibitions in 47 C.F.R. § 64.1200(c)(2) on calls to residential telephone subscribers apply to calls to wireless telephone numbers. *See* 47 C.F.R. § 64.1200(e). Furthermore, Connor identifies that the 2 Calls he received in a one-year period that Defendant marketed products to him. *See* Dkt. 1 at ¶ 30-34. Plaintiff further provided a portion of his phone bill indicating he received two Messages on October 14, 2024. Connor Decl. Connor has presented sufficient evidence to prove his claim under 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2).

To prove a TCPA violation based on 47 C.F.R. § 64.1200(d)(4), a plaintiff must establish: (1) more than one telephone call within any 12-month period; (2) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services; (3) by or on behalf of the same entity; (4) that fails to identify the telemarketer; Connor identifies that the 2 Calls he received in a one-year period that Defendant marketed products to him did not provide an accurate first name, or any last name of the calling party, or a correct company name. *See* Dkt. 1 at ¶ 30-34. He has presented sufficient evidence to prove his claim under 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(d)(4) and respectfully requests that default judgement be entered against Defendant under 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(4) and 47 C.F.R. § 64.1200(c)(2) in Count 1.

Finally, Connor asserts that Defendant's violations were willful and knowing. The Wishnia Messages unlawfully used an alias personal name and alias company name to avoid immediate identification by recipients like Plaintiff, who placed their number on the DNC

7

Registry. For purposes of civil liability, a defendant acts willfully when it "demonstrate[s] indifference to ongoing violations and a conscious disregard for compliance with the law." *Krakauer v. Dish Network LLC*, 925 F.3d 643, 662 (4th Cir. 2019). "[T]he intent for treble damages does not require any malicious or wanton conduct but rather is satisfied by merely 'knowing' conduct." *Moore v. Dish Network L.L.C.*, 57 F. Supp. 3d 639 (N.D.W.V. 2014) quoting *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011). So long as the Defendant knows the facts underlying the offense, it can be held labile for treble damages- ignorance of the law is no excuse. Charvat v. Ryan, 879 N.E.2d 765, 767 (Ohio 2007). This is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768 Defendant's actions highlight Defendant's indifference and conscious disregard for compliance with the law. These allegations are *more than* sufficient to treble damages.

**B.     Plaintiff is entitled to default judgment against Defendant for his claims under S.C. Code Section 37-21-80.**

### Count 2:

Plaintiff's Complaint also alleges the Defendant's Messages violated the TCPA's sister statute, the South Carolina Privacy Protection Act (aka "SCTPPA"), specifically S.C. Code § 37-21-40 (A), 70 (B). As a South Carolina resident with a South Carolina telephone number, the Messages Plaintiff received were "telephone solicitations" [4] as defined in the SCTPPA, and subject to the regulations set forth in therein.

---

[4] S.C. Code § 37-21-20(6) defines a telephone solicitation as a "text or media message sent… to a wireless telephone with a South Carolina area code, for the purpose of offering or advertising a property, good, or service for sale, lease, license, or investment, including offering advertising an extension of credit, prize promotion, or for the purposes of obtaining information that will or may be used for the direct solicitation thereof."

8

First, S.C. Code § 37-21-40 prohibits anonymous telephone solicitations requiring that a telephone solicitor shall provide, in a clear and conspicuous manner, a *first and last name* to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made.

Here, only one of the Wishnia Messages includes a first name of an unknown person "Katrina", and an alias company name "Sunlight Solar", which allowed Wishnia to avoid scrutiny from recipients who did not want to receive unsolicited messages. Plaintiff was only able to identify Wishnia during a subsequent follow-up call when Wishnia attempted to set a solar sales appointment.

Secondly, S.C. Code § 37-21-70 (B) prohibits telephone solicitations (i.e. Messages) to numbers on the national Do Not Call Registry.

> A telephone solicitor may not initiate, or cause to be initiated, a telephone solicitation to a telephone number on the National Do Not Call Registry maintained by the federal government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47 C.F.R. Section 64.1200.

The Messages were SCTPPA violations because they were placed to a number that has been registered on the DNC since 2021. State and federal law require telephone solicitors to scrub numbers against the federal Do Not Call Registry *before* initiating a telephone solicitation.

Under SC 37-21-80, aggrieved parties are entitled to damages for multiple violations within a single call. South Carolina's statutory damages provide $1,000 "for *each violation*" and up to $5,000 per violation in increased damages if the Court finds conduct to be wilful. For the Calls alleged in the instant case, the total potential damages are $20,000.00.

It is unchallenged that Defendant caused two Calls (i.e. Messages) to be sent to Plaintiff's South Carolina number. The Messages contained four violations, and Plaintiff is entitled to statutory damages of $4,000.00. Defendant Wishnia intentionally withheld his name of the via

9

the use of an alias individual first name and alias company name, and the Messages were intentionally placed to a number on the Federal Do Not Call Registry.

This campaign and the telephone solicitations to Connor's number were not due to a mistake, error or technical glitch, they were made wilfully. Wishnia caused the Messages to be sent to the number he intended to solicit and confirmed it in a follow-up call to Plaintiff afterward. The Calls were wilful and subject to increased damages within the plain language and intent of the SCTPPA.

> "This Court finds the reasoning in Charvat to be persuasive. 'Wilful' acts are intentional, conscious, deliberate, and not by accident. However, a plaintiff should not have to prove the telemarketer knew he was violating the statute to establish "wilful", and potential increased damages. *Jay Connor v. Complete Reservation Solutions, LLC* Case No. 2021-101-060-0094 (South Carolina Magistrate Court, October 27, 2021), p. 4-5 (citing *Charvat v. Ryan* 116 Ohio St. 3d 394, 400 (Ohio 2007) (Internal citation omitted)

A copy of the Order from *Jay Connor v. Complete Reservation Solutions, LLC* is attached hereto as Exhibit A. In another default judgment granted to the Plaintiff in *Holly Steele v. Suntuity Solar Limited Liability Company and Suntuity Renewable, LLC* Case No. 2023-CP-04663 (Charleston County Common Pleas Court, October 14, 2024), the Court awarded *Steele* maximum increased damages per violation as requested, (19 violations within 12 calls)

> "I find, based on the well plead allegations in the Complaint and the arguments of counsel, that each of the nineteen (19) violations of the SCTPPA alleged by the Plaintiff were willful violations, and that Plaintiff is entitled to the maximum amount of statutory damages provided for in S. C. Code § 37-21-80(B), in the amount of Five Thousand Dollars ($5,000) per violation, for a total judgment of Ninety-Five Thousand Dollars and 00/100 ($95,000.00)

The statute provides for multiple violations within a single call when appropriate for violations of S.C. Code § 37-21-40 and S.C. Code § 37-21-70. Lastly, in the instant case, Wishnia

10

has waived any potential affirmative defenses by failing to answer the complaint after being personally served. Plaintiff respectfully submits that the maximum damages of $20,000.00 for the anonymous text messages to a number on the DNC Registry is appropriate and necessary.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter default judgment against Defendant in favor of Plaintiff in the amount of $23,000.00 plus $570.00 in court costs and expenses.

Date March 19, 2025

Jay Connor Plaintiff, *Pro Se*
215 East Bay Street 201-F
Charleston, SC 29401
Telephone 843-557-5724 (Residential)
Fax 843-913-8357

Jayc650@hush.com