EXHIBIT A

```
STATE OF SOUTH CAROLINA      )   MAGISTRATE COURT
                             )   CASE NO: 2021-101-060-0094
COUNTY OF CHARLESTON         )

JAY CONNOR                   )
          Plaintiff,         )
                             )              ORDER
Vs.                          )
                             )
COMPLETE RESERVATION SOLUTIONS, LLC )
          Defendant.         )
                             )
```

The above captioned matter came before this Court for a default hearing on October 1, 2021. Plaintiff brought suit under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, ("TCPA"), and the South Carolina Telephone Privacy Protection Act of 2018, S.C. Code § 37-21-10, ("SCTPPA") seeking statutory damages for a solicitation call made to his wireless number. Plaintiff also sought increased damages prescribed under the SCTPPA as "wilful" violations.

Due to the jurisdictional limit of this court, this decision only considers the SCTPPA allegations in the complaint, and Plaintiff has also waived any damage awards resulting from SCTPPA violations that exceed the jurisdictional limit.

## FINDINGS OF FACT

Plaintiff Jay Connor appeared *pro se*, remotely via WebX. Defendant Complete Reservation Solutions ("CRS") did not answer or make an appearance. On March 26, 2021, Plaintiff submitted an affidavit and USPS green card indicating the registered agent for CRS accepted service by certified mail on January 25, 2021. The court also received an affidavit from a process server on behalf of plaintiff indicating the registered agent for

CRS was served again personally with a copy of the summons and complaint on July 6, 2021.

In his complaint, Plaintiff alleged that on October 1, 2020, he answered a telephone call (the "Call") made to his wireless telephone line, a number he has maintained on the National Do Not Call Registry (the "Registry") since 2009. He also alleged the Call was anonymous, and transmitted a South Carolina caller identification number. At the hearing, Connor testified the caller identification number was a non-working number. He identified CRS by purchasing the cruise on his credit card, and provided a screen shot notification from his bank identifying Complete Reservation as the merchant. Connor also testified that he had received calls from CRS prior to 10/1/20, and notified them his number was on the DNC Registry.

## LEGAL ANALYSIS

The Court finds the call Plaintiff received on 10/1/2020 offering to sell him a cruise constitutes a "telephone solicitation" as contemplated in the Act. The Court further finds that the Call violated three separate and distinct provisions of the Act, and that Plaintiff is entitled to damages for each violation.

First, South Carolina law prohibits any telephone solicitation using a "spoofed" caller identification number, and prohibits businesses from displaying a South Carolina Caller ID unless they maintain a physical presence in the state. See S.C. Code § 37-21-50. The Court finds the number transmitted in the Call is a violation because it is a non-working, South Carolina number, and because CRS does not maintain a physical presence in South Carolina.

Secondly, Connor was called on a number registered on the National Do Not Call Registry, which is prohibited under S.C. Code § 37-21-70. The court finds the Call itself is a violation because it was made to a number that has been on the Registry since 2009, and CRS was on notice that the number was on the Registry prior to the Call.

Lastly, South Carolina law prohibits anonymous telephone solicitation calls requiring that:

> At the outset of a telephone solicitation, a telephone solicitor shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made... See S.C. Code § 37-21-40.

The Court finds CRS' failure to satisfy the statutory identification requirements to be a third violation by withholding the name of their company during the call. Plaintiff was only able to identify CRS because he purchased the cruise with his credit card and their name appeared as the merchant.

Damages -

The Act allows for statutory damages to be awarded to South Carolina residents for violations of its provisions.

> S.C. Code § 37-21-80 (A)"A person who is aggrieved by a violation of this chapter is entitled to initiate an action to enjoin the violation and to recover actual losses in addition to damages in the amount of one thousand dollars *for each violation*." (Emphasis added)

Plaintiff did not request actual losses resulting from the call, so the court will only address damages "for each violation". Under the SCTPPA, aggrieved parties are entitled to damages for multiple violations, even if they are within a single call, and there is no predetermined maximum amount for damages.

The court finds *for each violation* to be clear and unambiguous, and the Plaintiff identified three (3) separate SCTPPA violations within the Call.

Wilful Increased Damages -

If a court finds the violations are wilful, the court may, but is not required, to increase the damages.

> S.C. Code § 37-21-80 (B) states that if the court finds a **wilful** violation, the court may, in its discretion, increase the amount of the award to an amount not exceeding five thousand dollars for each violation. (Emphasis added).

Willful is not defined under the Act. In lieu of a definition, this Court believes it is proper to look to other sources of law within the context of telemarketing to supplement its provisions and carry out legislative intent. See S.C. Code § 37-1-102(1) ("This title shall be liberally construed and applied to promote its underlying purposes and policies."); See also S.C. Code § 37-1-103 ("Unless displaced by the particular provisions of this title, the Uniform Commercial Code and the principles of law and equity, including the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause supplement its provisions.").

In a Ohio Supreme Court TCPA ruling, the court determined that a Plaintiff is not required to prove the telemarketer intentionally violated the statute to establish a "willful" violation:

> [T]he Federal Communications Commission examined the TCPA and determined that a willful violation means that the 'violator knew that he was doing the act in question and that the violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance.'

4

> We hold that to establish a knowing or willful violation under the TCPA for the award of treble damages, or under the CSPA for an award of attorney fees, a plaintiff need not prove that the defendant knew that conduct violated the law but **only that the defendant knew the underlying facts of the conduct.** (Emphasis added)

Charvat v. Ryan, 116 Ohio St. 3d 394, 400 (Ohio 2007) (Internal citation omitted).

This Court finds the reasoning in Charvat to be persuasive. 'Wilful' acts are intentional, conscious, deliberate, and not by accident. However, a plaintiff should not have to prove the telemarketer knew he was violating the statute to establish "wilful", and potential increased damages. This Court agrees with the Ohio Supreme Court reasoning that the low threshold for 'wilful' is balanced with its wide discretion to award damages "up to" five thousand dollars. A court may choose *not* to award increased damages, even if the conduct is found to be wilful.

On October 1, 2020, CRS caused the call to Plaintiff's number, which has been on the national DNC registry since 2009, transmitted a non-working, South Carolina Caller ID, and deliberately withheld its business name. This Court finds the acts were wilful, and CRS knew, or should have known they were in violation of state law. CRS also waived any potential affirmative defenses by failing to answer the Complaint or appear at the hearing

## Conclusion

The Court is persuaded that CRS is responsible for the call, and the call contained three (3) violations. Furthermore, the Court finds the violations were wilful within the

5

context and legislative intent of the SCTPPA, and that increased damages are appropriate and necessary.

Plaintiff is entitled to statutory damages of ($3,000.00) Three Thousand Dollars and no/100 for three violations of the SCTPPA, and because the acts were wilful, damages are increased to ($15,000.00) Fifteen Thousand Dollars and no/100.

Plaintiff voluntarily waived all damages exceeding the jurisdictional limit of the court. Therefore, it is hereby ORDERED, ADJUDGED AND DECREED, that Plaintiff shall have judgment for $7,500.00, plus court costs for $140.00 totaling ($7,640.00) SEVEN THOUSAND SIX HUNDRED FORTY DOLLARS AND NO/100.

AND IT IS SO ORDERED

_____
Laura Beck, Magistrate

_____ 2021 Charleston, South Carolina