UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jay Connor, | ) | Case No. 2:24-cv-06310-JD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| David Wishnia and John Does 1–10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Jay Connor ("Plaintiff"), proceeding *pro se*, brings this civil action alleging violations of the Telephone Consumer Protection Act ("TCPA") and the South Carolina Telephone Privacy Protection Act ("SCTPPA"). (Dkt. No. 1.) Before the Court is Plaintiff's Motion for Default Judgment against Defendant David Wishnia.[1] (Dkt. No. 19.) For the reasons stated below, the undersigned recommends that the Court grant Plaintiff's Motion for Default Judgment (Dkt. No. 19) and award $5,000.00 in statutory damages and $570.00 in costs.

## BACKGROUND

The Complaint alleges that "a third-party lead company," hired by Defendant David Wishnia, made two telephone solicitations by text message to Plaintiff's cellular telephone number on October 14, 2024, despite Plaintiff having registered his number on the National Do-Not-Call Registry in 2021. (Dkt. No. 1 at 4–5.) According to the Complaint, the first message read, verbatim, "Hi Jay, my name is Katrina from Sunlight Solar.. I am just checking out if you are still interested in getting a proposal about no money out of pocket Solar P". (*Id*. at 5.) The second message read, verbatim, "rogram. Thank you". (*Id*.) The Complaint alleges Plaintiff "responded to the message

---

[1] Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

1

to identify the sender, and almost immediately received a follow-up call from David Wishnia, who attempted to set a solar sales appointment with Plaintiff. Wishnia confirmed his involvement to Plaintiff and sent an email to Plaintiff requesting additional information re: Plaintiff's current electric bills." (*Id*. at 6.)

The Complaint alleges that Wishnia resides in Florida and his principal office is located in Florida. (*Id*. at 1.) The Complaint further alleges that Plaintiff is a resident of Charleston County, South Carolina, and Plaintiff received the text messages at issue to his "wireless phone line in South Carolina." (*Id*.)

On November 4, 2024, Plaintiff filed his Complaint alleging violations of the TCPA, 45 U.S.C. § 277 *et seq*., and the SCTPPA, S.C. Code § 37-21-10, *et seq*. (Dkt. No. 1.) Defendant was served with process on January 10, 2025, by personal service in Florida. (Dkt. No. 12); *see* Fed. R. Civ. P. 4(e)(2)(A). Defendant failed to respond or otherwise appear in this action, and on February 7, 2024, Plaintiff moved for entry of default against Defendant. (Dkt. No. 13.) At the Court's direction, the Clerk of Court entered default on February 11, 2025. (Dkt. Nos. 14; 16.)

Plaintiff filed the instant Motion for Default Judgment on March 19, 2025, supported by a memorandum of law, declaration,[2] and accompanying exhibits. (Dkt. Nos. 19; 19-1; 20.) Plaintiff seeks an award of $3,000.00 in statutory damages under the TCPA, $20,000.00 in statutory damages under the SCTPPA, and $570.00 in costs.

## **STANDARD**

Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

---

[2] Although this declaration is not notarized, it has been signed and includes a statement swearing its truth under penalty of perjury. *See* 28 U.S.C. § 1746 (allowing unsworn declarations to have full force and effect if the writer subscribes the statement as true under penalty of perjury).

2

affidavit or otherwise, the clerk must enter the party's default," Fed. R. Civ. P. 55(a). After a default has been entered by the clerk, the plaintiff may move for entry of default judgment. If the plaintiff's claim against the defaulting defendant is not for a sum certain, the plaintiff "must apply to the court for a default judgment."[3] Fed. R. Civ. P. 55(b)(2).

"Whether to grant default judgment lies within the sound discretion of the court." *Lundie v. Smith & Cohen, LLC*, No. 2:15-cv-291, 2016 WL 717113, at *2 (E.D. Va. Jan. 26, 2016), *adopted by*, 2016 WL 715736 (E.D. Va. Feb. 18, 2016) (citing *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953–54 (4th Cir. 1987); see *also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]rial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom."). The Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party," *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In considering a motion for default judgment, the Court accepts as true all well-pleaded factual allegations in the Complaint not relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Thus, regarding default

---

[3] To enter default judgment, the court must have subject matter jurisdiction over the case, personal jurisdiction over the defaulting party, and venue must also be proper. Here, the court has federal-question jurisdiction over Plaintiff's TCPA claim, and it can exercise supplemental jurisdiction over Plaintiff's SCTPPA claim. *See*, *e.g.*, 28 U.S.C. § 1367(a) (Under supplemental jurisdiction, if the court has original jurisdiction over a cause of action, the court may hear all claims related to the original cause of action); *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (finding that the TCPA's permissive grant of jurisdiction to state courts does not eliminate federal-question jurisdiction in United States district courts). Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff may bring suit in any district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C, § 1391. The undersigned addresses the issue of personal jurisdiction *infra*, section A n.3.

judgments, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Found. for Advancement Educ. & Emp't of Am. Indians*, No. 99-1508, 1999 WL 598860, at *1 (4th Cir. Aug. 10, 1999). Once the court determines that default judgment is warranted, "the court may rely on declarations or documentary evidence in the record to determine damages" without conducting an evidentiary hearing. *United States ex rel. Rauch v. Oaktree Med. Ctr., P.C.*, No. 6:15-cv-01589-JD, 2021 WL 11745347, at *3 (D.S.C. Aug. 24, 2021) (internal quotation marks omitted).

## DISCUSSION

### A.     TCPA Violations

In the Complaint, Plaintiff alleges that Defendant violated the TCPA, specifically, 47 U.S.C. § 227(c). (Dkt. No. 1 at 6–7.)

> Under the TCPA, the Federal Communications Commission ("FCC") is directed to engage in rulemaking about "the need to protect residential telephone subscribers' private rights to avoid receiving telephone solicitations to which they object" and to "prescribe regulations to implement methods and procedures for protecting [those] privacy rights." 47 U.S.C. § 227(c)(1), (2). "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" prescribed by the FCC has a private right of action for damages and injunctive relief. 47 U.S.C. § 227(c)(5).

*Cleveland v. Nextmarvel, Inc.*, Civ. No. TDC-23-cv-1918, 2024 WL 198212 at *2 (D. Md. Jan. 18, 2024).

A TCPA regulation cited in the Complaint prohibits "any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). A "telephone solicitation" is defined in the TCPA as "the initiation of a telephone call or message for the purpose of encouraging the

4

purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person," with certain exceptions not relevant here. 47 U.S.C. § 227(a)(4).

Another regulation cited in the Complaint prohibits a person or entity from initiating calls "for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). The regulation further provides that

> A person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

§ 64.1220(d)(4). The foregoing regulations "are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described in the Commission's Report and Order, . . . "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991." *Id.* § 64.1200(e).

Here, Plaintiff's unchallenged factual allegations, taken as true by the undersigned, are sufficient to establish Defendant's liability under the TCPA. To establish a TCPA violation based on 47 C.F.R. § 64.1200(c)(2), a plaintiff must show: (1) more than one telephone call within any 12-month period; (2) for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services; (3) by or on behalf of the same entity; (4) to a residential telephone subscriber whose telephone number had been placed on the National Do-Not-Call Registry. 47 U.S.C. § 277(c)(5); 47 C.F.R. § 64.1200(c)(2).

In the Complaint, Plaintiff asserts that he registered his cell phone number with the Do-Not-Call Registry, and the record shows he completed this registration on November 25, 2021.

(Dkt. Nos. 1 at 5; 20-1 at 2.) Plaintiff also alleges that he received two text messages on October 14, 2024 marketing solar panels, and he has produced his telephone bill verifying his receipt of these messages. (Dkt. Nos. 1 at 5; 20-2 at 2.) These text messages both qualify as telephone solicitations because the first message expressly tried to sell goods and services to Plaintiff and it is plausible to infer that the second text message was intended to achieve the same purpose. *See Cleveland*, 2024 WL 198212, at *2 ("[T]ext messages constitute calls under the TCPA.") (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) (in discussing a related provision of the TCPA, stating that "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call'"); *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (9th Cir. 2023) (finding that receiving unsolicited text messages sent to a phone number on the Do-Not-Call Registry in violation of the TCPA results in an injury in fact)); *see also Crews v. Sun Sols. AZ LLC*, 2024 WL 2923709, at *5 (D. Ariz. June 10, 2024) ("The first two calls at issue (the calls from Miguel on July 10, 2023) qualify as telephone solicitations because Miguel expressly tried to sell goods and services to Plaintiff during the second call and it is plausible to infer that the first (dropped) call was intended to achieve the same purpose.").

Plaintiff further alleges that these text messages were sent by a third-party lead company on behalf of Wishnia. "A 'defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller.'" *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 551 (D. Md. 2022) (quoting *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), *aff'd*, 577 U.S. 153 (2016) (citing *Hodgin v. UTC Fire & Sec. Am. Corp., Inc.*, 885 F.3d 243, 252 (4th Cir. 2018); *accord Henderson v. United Student Aid Funds*, 918 F.3d 1068, 1072 (9th Cir. 2019) ("A plaintiff . . . must show that there is an agency relationship between a defendant and a third-

party caller for there to be vicarious liability for TCPA violations.")))." "Accordingly, 'vicarious liability under the TCPA is governed by the federal common law of agency,' under which an agency relationship may be established by way of (1) actual authority; (2) apparent authority; or (3) ratification." *Id.* (quoting *Hodgin*, 885 F.3d at 252).

"Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Hodgin*, 885 F.3d at 252 (citing Rest. (3d) of Agency § 4.01(1)). A party "may ratify an act by failing to object to it or to repudiate it," or by "receiving or retaining [the] benefits it generates." Rest. (3d) of Agency § 4.01, cmts. f, g. A purported principal, however, "is not bound by a ratification made without knowledge of material facts involved in the original act when the [party] was unaware of such lack of knowledge." *Id*. at § 4.06.

Here, Plaintiff alleges that Wishnia "used a third-party lead company to send the text messages" and that when Plaintiff "responded to the message to identify the sender," Wishnia "almost immediately" placed a "follow-up call" to Plaintiff. (Dkt. No. 1 at 5–6.) According to Plaintiff, Wishnia "confirmed his involvement to Plaintiff," attempted "to set a solar sales appointment with Plaintiff," and "sent an email to Plaintiff requesting additional information re: Plaintiff's current electric bills." (*Id.* at 6.) Based on the foregoing, the undersigned finds Plaintiff has plausibly alleged Wishnia affirmed or knowingly acquiesced in the third-party's telemarketing scheme, such that Wishnia is vicariously liable for the text messages Plaintiff received based on the agency theory of ratification.[4] In sum, Plaintiff has sufficiently alleged facts that establish liability under 47 C.F.R. § 64.1200(c)(2).

---

[4] Here, the undersigned notes that this finding establishes personal jurisdiction over Wishnia. More specifically, "in the context of the TCPA, other courts have held that personal jurisdiction is proper in the District where an unlawful communication is received." *Mey v. Castle L. Grp., PC*, 416 F. Supp. 3d 580, 586 (N.D.W. Va. 2019) (citing *Payton v. Kale Realty, L.L.C.*, 2014 WL 4214917, at *3 (N.D. Ill. Aug. 26, 2014) ("[C]ourts have repeatedly held that sending

Plaintiff has also included sufficient facts in the Complaint to plausibly allege that Wishnia, through a third-party agent, failed to provide the proper identifying information as required by § 64.1200(d)(4) (requiring telemarketers to provide the name of the caller or texter, the entity on whose behalf the text is being sent, and a phone number or address at which the entity may be contacted). Plaintiff alleges that the text messages "did not identify the true identity of the Defendant[]" and in his declaration, Plaintiff states that "the identifying information associated with the text messages included the alias first name of an individual and alias name of a solar company, not Mr. Wishnia or a company with which he is affiliated." (Dkt. Nos. 1 at 5; 20 at 3.) Taking these facts as true, Plaintiff has sufficiently alleged facts that establish liability under § 64.1200(d)(4).

Having found Wishnia liable for violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200, the undersigned proceeds to a computation of damages. The statute provides that a plaintiff may recover "actual monetary loss" from such violations or "receive up to $500 in damages for each such violation, whichever is greater[.]" 47 U.S.C. § 227(c)(5)(B). Additionally, "[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under [§ 227(c)(5)(B)]." *Id*. § 227(c)(5).

---

a message into the forum state in violation of the TCPA is sufficient to confer specific personal jurisdiction over the defendant."); *Luna v. Shac, L.L.C*., 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014) ("When [the defendant] intentionally sent unsolicited text messages advertising [itself] to California cell phone numbers, which conduct gave rise to this litigation, it purposefully directed its activity to California such that [the defendant] is reasonably subject to the personal jurisdiction of this Court."); *Baker v. Caribbean Cruise Line, Inc*., 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) (asserting specific jurisdiction over defendant in suit regarding unsolicited calls defendant made to plaintiff's forum state telephone)). Accordingly, the Court has personal jurisdiction over Wishnia because the third-party lead company was acting as his agent when it sent text messages to Plaintiff in South Carolina. *See Bilek v. Nat'l Cong. Of Emps., Inc*., 470 F. Supp. 3d 857, 861-62 (N.D. Ill. 2020) (exercising personal jurisdiction based on an agency theory in a TCPA case).

In his Motion for Default Judgment, Plaintiff asserts that Wishnia "violated 47 U.S.C. § 227(c) 2 times, and Plaintiff is entitled to $1,000 (i.e., $500 x 2)." (Dkt. No. 19-1 at 2.) Based upon Plaintiff's default motion, declaration, and Complaint, Plaintiff has established Wishnia's liability for the two unsolicited text messages to Plaintiff in violation of § 227(c) and § 64.1200, requiring an award of $1,000.

Plaintiff further contends he is entitled to treble damages because the text messages "were made to a number on the DNC Registry, intentionally provided inaccurate identification information, and were accordingly willful and knowing." (Dkt. No. 19-1 at 2.) "For purposes of civil liability, a defendant acts willfully under the TCPA when it 'demonstrate[s] indifference to ongoing violations and a conscious disregard for compliance with the law.'" *Cleveland*, 2024 WL 198212, at *3 (quoting *Krakauer v. Dish Network LLC*, 925 F.3d 643, 662 (4th Cir. 2019)). The Fourth Circuit Court of Appeals has advised that "[t]rebling is never to be done lightly. Given the consequences for a company, a trebled award must rest on solid evidence." *Krakauer*, 925 F.3d at 663.

Upon review, the undersigned finds Plaintiff has provided only conclusory allegations that Wishnia intentionally and knowingly violated the TCPA. There are no allegations that Wishnia continued to violate the TCPA after the two text messages were sent, and Plaintiff has failed to show that he is entitled to treble damages under the TCPA. *See Krakauer*, 925 F.3d at 663 ("Trebling is never to be done lightly."); *cf. Cleveland*, 2024 WL 198212, at *3 (holding that the defendant willfully violated the TCPA in part because the plaintiff requested that the defendant stop contacting her on six occasions, but was nevertheless sent another telemarketing message); *see also Silva v. Seven Rock Life Corp.*, No. 2:23-cv-6407 (NJC) (SIL), 2024 WL 3228437, at *7 (E.D.N.Y. June 28, 2024) ("Silva has not demonstrated that an enhanced damages award is

9

appropriate. The Complaint does not allege facts supporting a finding that Seven Rock Life sent the texts 'with knowledge that the conduct violate[d] the law,' and Silva's allegations that she was on the DNCR for years prior to receiving the texts alone do not support a treble damages award."); *Arredondo v. Flexi Corp.*, 2017 WL 7796192, at *2 (S.D. Tex. Aug. 18, 2017) (denying treble damages upon default judgment for a TCPA claim "because the pleadings and evidence do not offer a sufficient indication of when [d]efendant's sending of text messages could have become willful and knowing"). Therefore, the undersigned recommends that the Court award Plaintiff $1,000 in statutory damages under the TCPA.

  **B.**  **SCTPPA Violations**

In the Complaint, Plaintiff further alleges that Defendant violated the SCTPPA, specifically S.C. Code §§ 37-21-40(A), 70(B). (Dkt. No. 1 at 4, 7.) The SCTPPA was enacted in May 2018, creating private rights of action for certain "telephone solicitations," which includes text messages. S.C. Code § 3-21-20(6). Section 40(A) of the SCTPPA, which governs telephone solicitation disclosures, states, in pertinent part, "[a]t the outset of a telephone solicitation, a telephone solicitor shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made . . . S.C. Code § 37-21-40(A). Section 70(B) of the SCTPPA, which restricts telephone solicitors from contacting persons that indicated they do not wish to receive telemarketing calls, states "[a] telephone solicitor may not initiate, or cause to be initiated, a telephone solicitation to a telephone number on the National Do Not Call Registry maintained by the federal government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47 C.F.R. Section 64.1200." S.C. Code § 37-21-70(B).

As discussed above, the undersigned has found that Plaintiff has plausibly alleged Wishnia affirmed or knowingly acquiesced in the third-party's telemarketing scheme, such that Wishnia is vicariously liable for the text messages Plaintiff received based on the agency theory of ratification. Here, Plaintiff has included sufficient facts in the Complaint to plausibly allege that Wishnia, through a third-party agent, sent two telephone solicitations via text message to Plaintiff that failed to provide the proper identifying information as required by S.C. Code § 37-21-40(A). Plaintiff alleges that the text messages "did not identify the true identity of the Defendant[]" and in his declaration, he states that "the identifying information associated with the text messages included the alias first name of an individual and alias name of a solar company, not Mr. Wishnia or a company with which he is affiliated." (Dkt. Nos. 1 at 5; 20 at 3.) Taking these facts as true, Plaintiff has sufficiently alleged facts that establish liability under § 37-21-40(A). Plaintiff has also included sufficient facts in the Complaint to plausibly allege that Wishnia, through a third-party agent, sent two telephone solicitations via text message to Plaintiff, despite Plaintiff having registered his number on the National Do-Not-Call Registry in 2021. (Dkt. No. 1 at 4–5.) Taking these facts as true, Plaintiff has sufficiently alleged facts that establish liability under § 37-21-70(B).

Having found Wishnia liable for violations of S.C. Code §§ 37-21-40(A), 70(B), the undersigned proceeds to a computation of damages. Violators of the SCTPPA can be subject to injunctive restraints and ordered to pay actual losses and statutory damages. S.C. Code § 37-21-80. Statutory damages start at $1,000 per violation. *Id*. "If the court finds a willful violation, the court may, in its discretion, increase the amount of the award to an amount not exceeding five thousand dollars for each violation." *Id.* In addition to any damages awarded, the person initiating

11

the action for a violation of this chapter may be awarded reasonable attorneys' fees and court costs. *Id.*

In his Motion for Default Judgment, Plaintiff asserts that Wishnia violated S.C. Code § 37-21-40(A) and § 37-21-70)(B) within each text message, and that he is "entitled to $4,000 (i.e., $1,000 x 4)" under § 37-21-80(A). (Dkt. No. 19-1 at 2.) Based upon Plaintiff's default motion, declaration, and Complaint, Plaintiff has established Wishnia's liability for the four violations of the SCTPPA within the two unsolicited text messages to Plaintiff (two violations of § 37-21-40(A) and two violations of § 37-21-70(B)), requiring an award of $4,000.

Plaintiff further contends that these damages should be "increased five times pursuant to 37-21-80(B) to $20,000 (i.e., $5,000 x 4) because the solicitations were willful, sent intentionally to a number on the DNC Registry and included false identification information." (Dkt. No. 19-1 at 2–3.) In support, Plaintiff has attached an order issued in state court in 2021, granting Plaintiff's motion for default judgment in a separate action, *Jay Connor v. Complete Reservation Solutions, LLC*, Case No, 2021-101-060-0094 ("*Connor*"), and awarding increased damages for willful violations of the SCTPPA. (Dkt. Nos. 19-1; 19-2.) In the state court order, the judge noted that "[w]illful is not defined under the Act," and she therefore looked to "other sources of law within the context of telemarketing to supplement its provisions and carry out legislative intent." (Dkt. No. 19-2 at 5.) More specifically, the judge considered how the Ohio Supreme Court viewed a willful violation under the TCPA and quoted language from *Charvat v. Ryan*, 116 Ohio St. 3d 394, 400 (Ohio 2007).[5] (*Id.* at 5–6.) The judge in *Connor* found "the reasoning in *Charvat* to be persuasive," stating

---

[5] Plaintiff also cites language from another state court case in support of finding increased damages appropriate under the SCTPPA. (Dkt. No. 19-1 at 10.) However, he has not provided this order to the Court, and the language quoted by Plaintiff does not establish that Wishnia's instant violations were willful under the SCTPPA. Regardless, for the reasons discussed above, the undersigned recommends increased damages should not be awarded.

12

> 'Willful' acts are intentional, conscious, deliberate, and not by accident. However, a plaintiff should not have to prove the telemarketer knew he was violating the statute to establish "willful", and potential increased damages. This Court agrees with the Ohio Supreme Court reasoning that the low threshold for "willful" is balanced with its wide discretion to award damages "up to" five thousand dollars. A court may choose not to award increased damages, even if the conduct is found to be willful.

(*Id*. at 6.)

As discussed *supra* section A, the Fourth Circuit has recently provided helpful context for assessing willful violations of the TCPA, and the undersigned finds that reasoning persuasive to violations under the SCTPPA. *See Krakauer*, 925 F.3d at 662 (finding a defendant acts willfully under the TCPA "if its actions demonstrated indifference to ongoing violations and a conscious disregard for compliance with the law. . . . . This is a familiar willfulness standard that is common to many areas of law."). Here, there are no allegations that Wishnia continued to violate the SCTPPA after the two text messages were sent, and the undersigned does not find that his alleged actions demonstrate "indifference to ongoing violations and a conscious disregard for compliance with the law." *Krakauer*, 925 F.3d at 662. Accordingly, the undersigned recommends that increased damages are not appropriate under § 37-21-80(B).

Finally, Plaintiff seeks to recover as costs the $405.00 filing fee he paid to bring this action and the $165.00 he paid to effectuate service of process on Wishnia. (Dkt. No. 19-1 at 3.) Plaintiff testifies to these costs in his declaration. (Dkt. No. 20 at 1.) Accordingly, the undersigned recommends Plaintiff is entitled to costs of $570.00 pursuant to § 37-21-80(C).

## **CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that the court GRANT Plaintiff's Motion for Default Judgment for his claims under the TCPA and SCTPPA (Dkt. No. 19) and AWARD: (1) statutory damages of $1,000 under the TCPA; (2) statutory damages of

$4,000 under the SCTPPA; and (3) costs of $405.00 for the filing fee and $165.00 for service fees under the SCTPPA.

    IT IS SO RECOMMENDED.

July 15, 2025  
Charleston, South Carolina

_____  
MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).