IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jay Connor, | Case No.: 2:24-cv-06310-JD-MGB |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| David Wishnia and John Does 1-10, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (DE 21), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Plaintiff Jay Connor's Motion for Default Judgment against Defendant David Wishnia (DE 19).[1]

**A. Background**

The Report comprehensively sets forth the factual allegations and legal framework, which the Court adopts by reference and summarizes briefly below for context.

Plaintiff Jay Connor ("Plaintiff"), proceeding pro se, filed this civil action on November 4, 2024, asserting claims under the Telephone Consumer Protection Act

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

("TCPA"), 47 U.S.C. § 227 et seq., and the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code Ann. § 37-21-10 et seq., against Defendant David Wishnia and unnamed John Does 1–10. (DE 1.) Plaintiff alleges that on October 14, 2024, he received two unsolicited text messages to his wireless phone line registered on the National Do-Not-Call Registry, followed by a phone call and email from Defendant Wishnia seeking to solicit Plaintiff's participation in a solar panel program. (*Id.*)

Plaintiff served Defendant on January 10, 2025. (DE 12.) Defendant failed to respond to the Complaint or otherwise appear. On February 11, 2025, the Clerk of Court entered default. (DE 16.) Plaintiff thereafter filed a Motion for Default Judgment on March 19, 2025, seeking statutory damages and costs. (DE 19.)

### B. Report and Recommendation

On July 15, 2025, the United States Magistrate Judge issued a Report recommending that default judgment be entered in favor of Plaintiff in the total amount of $5,570.00. (DE 21.) The Report found that Plaintiff's well-pleaded factual allegations—deemed admitted in light of Defendant's default—sufficiently established Defendant's liability under both the TCPA and the SCTPPA. (DE 21.) Specifically, the Report concluded that Defendant, either directly or through a third-party agent, initiated two unlawful telephone solicitations to Plaintiff's number despite its listing on the National Do-Not-Call Registry, and failed to include the required identifying information under both federal and state law. (*Id.*)

2

With respect to damages, the Magistrate Judge recommended that Plaintiff be awarded:

- $1,000 in statutory damages under the TCPA (two violations at $500 each);
- $4,000 in statutory damages under the SCTPPA (four violations at $1,000 each); and
- $570 in costs (comprised of a $405 filing fee and $165 service fee).

(*Id.*)

The Report declined to award enhanced damages under either statute, finding that Plaintiff had not established willful or knowing conduct sufficient to warrant treble or increased damages. (*Id.*)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate

judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Conclusion

To date, no party has filed objections to the Report, and the time for doing so has expired. After a thorough review of the record in this case, the applicable law, and the Report and Recommendation of the United States Magistrate Judge, the Court finds no clear error and agrees with the well-reasoned analysis and conclusions therein. Accordingly, the Court hereby ADOPTS the Report and Recommendation (DE 21) in its entirety.

It is, therefore, ORDERED Plaintiff's Motion for Default Judgment (DE 19) is **GRANTED**, and judgment is entered in favor of Plaintiff in the total amount of **$5,570.00**, comprised of:

- $1,000.00 in statutory damages under the TCPA;
- $4,000.00 in statutory damages under the SCTPPA; and
- $570.00 in recoverable costs.

This case shall be closed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 11, 2025

4

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.